IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1516-GPG

**MAZEN I. JEWAINAT**,

    Plaintiff,

v.

**INDYMACK BANK**,

    Defendant.

## ORDER TO AMEND

    Plaintiff, Mazen I. Jewainat, initiated this action by filing a Complaint (ECF No. 1) in which he alleges that he suffered damages as a result of the declining housing economy in California. Mr. Carter does not assert a jurisdictional basis for his Complaint, nor does he assert any specific claims or a request for relief.

    Mr. Jewainat has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

    The Court must construe Mr. Jewainat's Complaint liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his [or her] confusion of various legal theories, his [or her] poor syntax and sentence construction, or his [or her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. Moreover, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). The Court has reviewed the Complaint and finds that it fails to allege an adequate basis to invoke this Court's subject matter jurisdiction and/or that it is barred by the applicable statute of limitations.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the

parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). *See also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings.). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, Civil No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint does not contain a statement of jurisdiction.

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331; and diversity jurisdiction under 28 U.S.C. § 1332. In the Complaint, Mr. Jewainat does not allege a statutory basis to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, to the extent he would assert jurisdiction under 42 U.S.C. § 1983, his allegations do not support the claim. "[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42,

48 (1988)). Mr. Jewainat's allegations are against a private entity and do not demonstrate state action or a constitutional deprivation so as to implicate the Court's federal question jurisdiction.

This Court may exercise diversity jurisdiction over a state law claim, pursuant to 28 U.S.C. § 1332, if a plaintiff presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief. The complaint is repetitive, prolix, and fails to assert personal participation. *See Hart v. Salois*, 2015 WL 1020369, *5, — F. App'x — (10th Cir. Mar. 10, 2015) (Plaintiff's "multiple collective allegations against the defendants and corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency.") Also, Defendants are not required to "piece together the plaintiff's complaint." *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (internal quotations omitted).

**In addition, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.**

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Here, the Plaintiff is a citizen of Colorado and it appears that the Defendant is a California Bank. He appears to be alleging a breach of contract against the Defendant, which may be in an amount greater than $75,000.00. Thus, Mr. Jewainat's allegations may be sufficient to invoke this Court's diversity jurisdiction. Notwithstanding, his claims appear to be barred by the statute of limitations.

In this regard, Plaintiff's allegations and exhibits show that he made certain payments relating to real property located in California in the Spring of 2007 (ECF No. 1-1, pp. 1-2). On March 10, 2010, he wrote a letter to OneWest Bank concerning his loan and a request for his attorney (ECF No. 1-1, p. 4). Thus, it appears that the breach of contract occurred sometime prior to March 9, 2010. Plaintiff filed this lawsuit on July 16, 2015. In California there is a four year statute of limitations governing breach of contract actions, *see* Cal. Civ. Proc. Code § 337. Thus, any breach of contract that occurred prior to July 16, 2011 is barred by the statute of limitations.

The Court, therefore, will direct Plaintiff to submit an Amended Complaint that complies with the findings of this Order. Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint on the Court-approved form that complies with this Order. It is

**FURTHER ORDERED** that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss this action without further notice.

DATED August 28, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge