IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1516-GPG

**MAZEN I. JEWAINAT**,

    Plaintiff,

v.

**INDYMACK BANK**,

    Defendant.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Mazen I. Jewainat, initiated this action by filing a Complaint (ECF No. 1) in which he alleges that he suffered damages as a result of the declining housing economy in California.  In his Complaint, Mr. Jewainat did not assert a jurisdictional basis for his Complaint, nor did he assert any specific claims or a request for relief. Mr. Jewainat has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (ECF No. 4).

    On July 21, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Jewainat to show cause why this action should not be dismissed based on the statute of limitations.  Based on his Response (ECF No. 8), on August 28, 2015, Magistrate Judge Gallagher ordered Plaintiff to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Magistrate Judge Gallagher provided specific and detailed instructions to Mr. Jewainat regarding the pleading requirements of Rule 8 and the factual allegations necessary to support the claims he is asserting.  On September 2, 2015, Mr. Jewainat filed an Amended Complaint (ECF No. 10).  On September 29, 2015, Magistrate Judge Gallagher ordered

Plaintiff to file a second amended complaint.  Again, Magistrate Judge Gallagher

provided specific and detailed instructions to Mr. Jewainat regarding the pleading

requirements of Rule 8 and the factual allegations necessary to support the claims he is

asserting.  Plaintiff filed a Second Amended Complaint on November 23, 2015 (ECF

No. 16).

## A.    Applicable Legal Principles

Pertinent to the case at bar is the authority granted to federal courts for *sua*

*sponte* screening and dismissal of certain claims.  In this regard, Title 28 of the United

States Code, section 1915, establishes the criteria for allowing an action to proceed *in*

*forma pauperis* (IFP), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended)

requires the federal courts to review complaints filed by persons that are proceeding *in*

*forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff has been granted leave to proceed IFP in this action (ECF No. 4).  Thus,

his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under this statutory provision, a viable complaint must

include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth

in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  The question to be resolved is:

whether, taking the factual allegations of the complaint, which are not contradicted by

the exhibits and matters of which judicial notice may be had, and taking all reasonable

inferences to be drawn from those uncontradicted factual allegations of the complaint,

are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555.

The Court of Appeals for the Tenth Circuit has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal citations and quotations omitted). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.' " *Id.* The Court thus concluded that the applicable standard is "a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.*

A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Conkleton v. Raemisch*, Civil No. No. 14–1271, 603 F. App'x 713 (10th Cir. 2015); *Ross v. Romero*, 191 Fed. App'x 682 (10th Cir. 2006) (affirming district court's *sua sponte* dismissal of civil rights complaint under 28 U.S.C. § 1915(b).

The Court must construe Plaintiff's pleadings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid

claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id. Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile. *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

For the reasons stated below, the action will be dismissed pursuant to the screening authority set forth above.  The pertinent grounds which will result in the dismissal are addressed below.

**B.    Limitations Period**

Plaintiff's allegations and exhibits show that he made certain payments relating to real property located in California in the Spring of 2007 (ECF No. 1-1, pp. 1-2).  On March 10, 2010, he wrote a letter to OneWest Bank concerning his loan and a request for his attorney (ECF No. 1-1, p. 4).  He alleges that a breach of contract occurred sometime prior to March 9, 2010.  In addition, he alleges that his property was foreclosed upon on November 11, 2009 (ECF No. 16, p. 4).  Plaintiff filed this lawsuit on July 16, 2015.  In California there is a four year statute of limitations governing breach of contract actions, *see* Cal. Civ. Proc. Code § 337.  Thus, any breach of contract that occurred prior to July 16, 2011 is barred by the statute of limitations.

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, the court may dismiss a claim *sua sponte* on the basis of an affirmative

defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

The events on which Mr. Jewainat's claims are premised occurred prior to November 11, 2009.  Mr. Jewainat alleges facts that demonstrate he was aware of his injuries at that time.  Therefore, because this action was not filed until July 16, 2015, the affirmative defense of the statute of limitations is obvious on the face of the Amended Complaint.

Plaintiff has been given three opportunities to show why this action should not be dismissed as untimely.  He specifically was advised to address the issue of whether the statute of limitations should be tolled as a matter of equity or for any other reason.  He has failed to show that tolling is appropriate in this action.  Without a showing of circumstances warranting tolling, the Court finds that the Plaintiff's action is untimely and will be dismissed with prejudice.  *See Fractus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (a court may *sua sponte* consider an affirmative defense for purposes of dismissal under § 1915 when the defense is obvious from the face of the complaint and not further factual record is required); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding a dismissal based on statute of limitations is judgment on the merits).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith and therefore in forma pauperis status will

be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing

fee or file a motion to proceed in forma pauperis in the United States Court of Appeals

for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

> **ORDERED** that this action is dismissed with prejudice.  It is

> **FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is

denied.

> DATED at Denver, Colorado, this __4th__ day of ___December___, 2015.

BY THE COURT:

__s/Lewis T. Babcock_____

LEWIS T. BABCOCK, Senior Judge
United States District Court